By the Court:
By tbe terms of section 4163, Revised Statutes, the personal property of an intestate is tobe distributed in the manner prescribed in section 4159, which relates to nonancestral real estate. The third paragraph of the section lastly named governs the case. It provides: “If such intestate leaves no husband or wife, relict to himself or herself, the estate shall pass to the brothers and sisters of the intestate of the whole blood, and their legal representatives. ’ ’ The plaintiffs in error, not being of the next to kin to the intestate, are entitled to share in the estate only by favor of the last clause of the paragraph, which admits them as “legal representatives” of their deceased father, Alexander, who, if he had survived, would have been of the next of kin. It is admitted that if Alexander had survived the intestate, and had brought suit for the distributive share now demanded by his representatives, the answer would have been good. Prom the representative character in which the.plaintiffs, are admitted to to participate with their uncles and aunts it results that they participate subject to the *340 burdens which the law would have imposed upon their principal. Dutoit v. Doyle, 16 Ohio St., 400; Parsons v. Parsons, 52 Ohio St., 470; Hughes’ Appeal, 57 Pa. St., 179. Woerners’ Admr. section 554.
The conclusion reached in Parsons v. Parsons must be regarded as justifying the judgment of the circuit court in this case, unless the representatives of the principal who owed a debt to the intestate occupy a more favorable position than those of one who has received an advancement from him.

Judgment affirmed.